**GENERAL BONDING & CASUALTY INS. CO. et al. v. U. S. FIDELITY & GUARANTY CO.** (No. 9208.)

(Court of Civil Appeals of Texas. Dallas. Dec. 20, 1924. Rehearing Denied Jan. 24, 1925.)

1. **Indemnity** ⬅9(1)—**Persons agreeing to indemnify surety on bond do not assume payment of premiums on bond.**

Where bonding company furnished bond on dissolution of another bonding company under Rev. St. art. 4932, indemnity bond signed by individual defendants, conditioned to save the first company harmless respecting claims by reason of its suretyship, *held* not to obligate indemnitors to pay premiums on bond.

2. **Insurance** ⬅45—**Bonding company furnishing bond on dissolution bound by conditions of bond.**

A bonding company which on voluntary. dissolution furnished a bond as required by Rev. St. art. 4932, but which in addition to the statutory conditions provided for proper evidence of performance of conditions to be filed with the commissioner of insurance, *held* bound by such provision.

3. **Insurance** ⬅45—**Offer to furnish proof of conditions of bond on dissolution of insurance company held sufficient.**

Where defendant bonding company in process of dissolution furnished bond with plaintiff as surety under Rev. St. art. 4932, which required proof of performance of its obligations to be filed with commissioner of insurance and banking, and after winding up its business and discharging its obligations offered proof of such facts to the commissioner of insurance and to plaintiff bonding company, but the offer was rejected, *held* the bond was satisfied and defendant relieved of liability for further premiums notwithstanding defendants' failure to procure certificate from insurance commissioner.

Appeal from Dallas County Court at Law; W. N. Coombes, Judge. ·

Suit by the United States Fidelity & Guaranty Company against the General Bonding & Casualty Insurance Company and others.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Judgment for plaintiff, and defendants appeal. Reversed and rendered.

J. N. Townsend, of Dallas, for appellants.
Seay, Seay, Malone & Lipscomb, of Dallas, for appellee.

JONES, C. J. In a suit instituted in the county court at law No. 1, Dallas county, Tex., the United States Fidelity & Guaranty Company, appellee, recovered judgment in the sum of $233.73 against the General Bonding & Casualty Insurance Company, a corporation, Geo. W. Riddle, and John B. Stephenson, as the amount of principal and interest of the annual premium on a surety bond executed by appellee as surety for appellant bonding company. Appellants have perfected an appeal from this judgment, and the questions discussed herein are duly before this court for review. The following are the material facts:

The General Bonding & Casualty Insurance Company was duly incorporated under the laws of this state and authorized to do a casualty and insurance business under chapter 13, title 71, Revised Civil Statutes. In the year 1914 this company entered into voluntary liquidation in the manner provided by statute. On September 11, 1918, progress had been made in winding up its affairs to the extent that the maximum of its outstanding obligations did not exceed the sum of $21,000. At this time it had on deposit with the treasurer of the state of Texas securities to the amount of $50,000, and desired to withdraw same under the provisions of article 4932 of the Revised Civil Statutes of Texas. On this date it made written application to appellee to become its surety on the bond required by said statute to be filed with the commissioner of insurance and banking of this state in lieu of said securities. It also filed with the commissioner of insurance and banking of the state of Texas the statement under oath required by article 4932, showing the liabilities and claims against it, and in every respect conformed to the provisions of said statute to secure the substitution of the bond for said securities. The bond was executed in the sum of $21,000, with appellee as surety, approved and filed, and the said securities in the sum of $50,000 were permitted to be withdrawn from the state treasury. As a condition of its becoming surety on said bond, appellee required an indemnity bond in like amount to be executed by individuals guaranteeing a performance by appellant bonding company of the conditions of the bond it had executed. This bond was executed by appellants Stephenson and Riddle and delivered to appellee.

The condition of the bond on which appellee is surety is as follows:

"The condition of this bond is such that, if the said General Bonding & Casualty Insurance Company shall obtain and file with the commissioner of insurance and banking of the state of Texas, proper evidence of its having obtained by compromise, satisfaction, litigation or otherwise, valid and complete discharge and acquittance from all of its now outstanding obligations, then this bond shall become and be null and void, save only that it may be reduced in amount from time to time as such evidence of discharge and acquittance are filed and approved, and need to be maintained only for such amount as shall be sufficient to protect the undischarged obligations."

This bond also recites, in effect, that it should inure to the benefit of each and every holder or beneficiary of an obligation of the appellant bonding company precisely and to the same extent and not otherwise as the securities deposited with the treasurer of the state inured to such claimant's benefit, and that it was the intent of all the parties that the bond should stand fully and only in place of such securities.

The indemnity bond executed by the individual appellants has the following condition:

"Now, the condition of the above obligation is such that, if I, my heirs, executors or administrators, shall at all times save harmless and keep indemnified the said United States Fidelity & Guaranty Company, its successors and assigns, against all suits, debts, damages, costs, charges and expenses, including court costs and counsel fees at law or in equity, and against all loss and damages whatever, that shall or may at any time happen or result to the United States Fidelity & Guaranty Company, its successors or assigns, for or by reason of the suretyship of the said United States Fidelity & Guaranty Company, as aforesaid, or any continuation or renewal thereof, then this obligation to be void and of no effect, otherwise to be and remain in full force and virtue in law."

The case was tried before the court without the intervention of a jury, and, at the request of appellants, the court filed findings of fact and conclusions of law. In addition to the facts above given the court found that the annual premium of $210 due in advance for the years beginning September 12, 1918, 1919, and 1920, had been paid, and that no premium had been paid for the year beginning September 12, 1921. The court also found as a fact that previous to September 12, 1921, appellant bonding company notified appellee that all outstanding claims and obligations had been settled, and that there was no further liability on the bond, and that said appellant, previous to said date, had settled, paid off, and fully discharged all claims and obligations of every kind against it, including those on account of which said bond was executed, and also had notified the commissioner of insurance and banking of the state of Texas of the same fact, and "offered to furnish them affidavits or such other evidence as they might require showing such facts." The court also

found, in effect, that the demand made by appellee before it would relieve appellant bonding company from payment of the 1921 premium was that appellee must be furnished with a certificate from the proper department of state that its liability had been terminated. The court further found that the commissioner of insurance and banking informed appellee that its department had no record of any liability outstanding against appellant bonding company on September 12, 1921, but that his department would not execute a release in favor of appellee on the bond until the 13th day of September, 1922, on which date the four-year period of limitation would have run against all claimants, and until such period of limitation had run his department would not execute the release.

From the above findings of fact the trial court concluded that the notification and offer made by appellant bonding company to show that it had performed the conditions of the bond was not such compliance with the terms of said bond as would relieve it from the payment of the 1921 premium, and concluded that appellants, jointly and severally, were liable to appellee for said premium, together with interest thereon from September 12, 1921, and entered judgment accordingly.

[1] As seen from the above statement, appellee's suit is not one for a breach of the bond in reference to the rights of any beneficiary under same, but is merely a claim for a debt against appellant bonding company for failure to pay an annual premium and against the other appellants for the same debt because of the indemnity bond they executed. We do not believe that appellants Stephenson and Riddle can be held for this debt under the terms of the bond they executed. Their liability is fixed by the terms of the indemnity bond. It cannot by construction be extended to increase this liability beyond that which is included within its terms by a reasonable construction of its terms. The terms of this bond are plain and easily understood. By such terms appellee is guaranteed against any claim of every character "that shall or may at any time happen or result to the United States Fidelity & Guaranty Company, its successors or assigns, for or by reason of the suretyship of the said United States Fidelity & Guaranty Company." The premium arising on this bond is merely an incidental matter, and cannot by any reasonable construction be made a claim guaranteed by the indemnity bond. We therefore conclude that under the facts as found by the court judgment was erroneously entered against appellants Stephenson and Riddle.

[2] The appellant bonding company, however, in its written application as set out in the court's findings bound itself to pay the sum of $210 in advance as premium on the 12th of September of each year that this bond should remain in force. Said article 4932, under whose authority said bond was substituted for the securities on deposit with the state treasurer, makes void said bond only after the principal in said bond has faithfully performed and fulfilled all of its outstanding obligations. If this bond had been in a strict sense the statutory bond authorized by said article 4932, it would have become void before September 12, 1921, because at such time, as found by the court, there had been the faithful performance and fulfillment of all appellant bonding company's outstanding obligations. The bond in the instant case, however, is a little more onerous in respect to the condition under which it would become void than is required by the statute, in that it not only required such a performance and fulfillment of all outstanding obligations, but also required that "proper evidence" of this be obtained by appellant bonding company and filed with the commissioner of insurance and banking of the state of Texas. This additional burden the appellant bonding company voluntarily assumed, and, it not being contrary to any statute or against public policy, it is bound by such provision.

[3] It will be noted that the provision that will render the bond void and thereby relieve appellant bonding company from the payment of premium is not that there shall be secured from the commissioner of insurance and banking the release of the bond and the consequent discharge of the suretyship of appellee, but the requirement, on the contrary, is that there be furnished proper evidence of the performance and fulfillment of all outstanding obligations of appellant bonding company. What is proper evidence of this fact? Manifestly it is such evidence as would convince an ordinarily watchful and prudent person that this had been accomplished. Appellant bonding company proffered to do this very thing, and this proffer was refused by appellee. In effect, appellee informed this appellant that any proof, however convincing it might be, short of the release of the bond, would not be accepted as measuring up to the condition of the bond that provided for the furnishing of "proper evidence" that there had been a faithful performance and fulfillment of all the outstanding obligations. In this we think appellee went beyond the requirement of this condition of the bond and thereby relieved appellant bonding company from actually presenting the proffered proof to the commissioner of insurance and banking.

It may be that the insurance commissioner acted within the rights of his department when he refused to execute a release of the bond and thereby relieve appellee as surety on same until the period of limitation had

run, but, in face of the fact that there was a proffer of proper evidence made by appellant bonding company that liability on the bond had actually ceased, this act of the commissioner does not justify appellee in demanding that the bond be kept alive for another period of twelve months and thereby render this appellant liable for an annual premium.

It is our opinion that the trial court erred in its conclusions of law, and the cause is reversed and here rendered in favor of appellants.

Reversed and rendered.